## Metcalf *vs* Pilcher, *et al.*

### Error to the Louisville Chancery Court.

#### *Cash notes. Usury.*

Chief Justice Ewing delivered the opinion of the Court.

We cannot doubt that the astute mind of the learned Chancellor could have very readily arrived at the conclu-

*Margin notes:*

METCALF *vs* PILCHER, *et al.*

iron and nails, sold at a fixed price with warranty of quality, it is competent for the defendant to prove, to reduce the damages, that the articles were of inferior quality, and not such as they were warranted to be.

CHANCERY.

*Case 115.*

*June 22.*

The sale of cash notes for less

than their nominal amount is not in violation of the statutes against usury.

The assignor is only liable upon his assignment, to refund the consideration received for the assignment and interest, after due diligence by the assignee to recover from the obligor: (3 B. Monroe, 67.)

sion to which he has arrived, in perfect accordance with the principles settled by this Court in the case of *Oldham* vs *Turner*, (3 *B. Monroe*, 67,) and without coming in conflict with the doctrine there settled. It is too late now to question the right to purchase notes at a discount, without an infringement of the provisions of the statutes against usury. To do so would be to unsettle an unbroken chain of decisions of this Court. In the sale of notes the assignee is bound by his assignment, upon the contingency of the assignee's failure to enforce collection by the use of due diligence, to refund the amount advanced for the purchase, and legal interest. By the decision in the case of *Oldham* vs *Turner*, he is required to refund no more. The assignment is an executed stipulation, entitling the assignee to collect the amount of the assigned claim purchased; the covenant to guaranty is an executory contract to refund, upon a contingency, and in good conscience or in consistency with the spirit of the statutes against usury, would entitle the assignee to recover his principal and legal interest only. A note for the loan or advancement of money is made good by our statutes, for the principal and *legal interest*, but bad as to the excess, and while it may be enforced as to the former, it cannot be enforced as to the latter sum. So while the assignment may be good to entitle the assignee to have the full benefit of, and to make the most he can out of his purchase, if it was a purchase in good faith and not regarded as a loan and evasive of the statute, as he would be entitled to do, out of any other commodity purchased, when he sought recourse upon the assignor's guaranty, he is entitled to recover only the principal and legal interest advanced. All beyond is regarded, by the principle of the decision, as an usurious exaction.

The assignor took back an assigned note and gave notes with security, for the sum advanced, with legal interest, and $300 more—Held that this was not a

In the case before us, the assignment by Harrison was virtually annulled, and by a subsequent arrangement, he with others as his sureties, assumed the payment, upon time, of the whole sum advanced, with legal interest, together with the excess of $300, above the note and legal interest. The excess is not only an usurious, but an unconscientious exaction, from a necesitous man, which,

according to the principles settled in the case referred to, cannot be allowed to stand: 1st. Because from the extravagant amount exacted above the amount advanced, and the excess of the claim assigned, beyond all reasonable compensation for any anticipated trouble and expense in collection, connected with the guaranty of the whole sum, if not collected by a given day, it might well be concluded that the object was a loan of money, and not a fair purchase of the claim assigned, and the stratagem resorted to as a security for the amount, in evasion of the statute of usury. 2d. The borrower was looked to and made responsible for the whole amount upon his guaranty, the excess above principal and legal interest should be refunded. And 3dly. As the assignment of the claim was surrendered and virtually annulled, the notes of Harrison, with sureties, to re-pay, upon time, should be regarded as a simple and direct undertaking to refund the sum advanced, with the legal and extra interest embraced in the notes.

The usury paid on the orders of Harrison, is in effect, a payment by himself, and for any extra interest paid, he is as much entitled to restitution, as if paid by himself.

The amount decreed is about right. And though we do not approve the entire argument, nor all the positions assumed by the Chancellor, we concur with him in the conclusion at which he arrived.

The decree is, therefore, affirmed.

*H. Marshall* for plaintiff: *Pilcher and Hauser* for defendants.